López, Plaintiff and Appellee, v. Successors of L. Villamil & Co., Ltd., Defendants and Appellants.

Appeal from the First District Court of San Juan in an Action of Intervention.

No. 3243.—Decided July 9, 1924.

Injunction—Attachment—Forced Sale—Intervention—Cautionary Notice.—
Injunction is the proper remedy for an intervenor who claims the ownership of an attached condominium. The forced sale of the property whose ownership is disputed may give rise to a multiplicity of proceedings and cause damages difficult to estimate to the claimant of the property. Record of the complaint in intervention in the registry would not be an entirely effective remedy.

The facts are stated in the opinion.
*Messrs. R. H. Blondet* and *J. Valldejuli* for the appellants.
*Mr. L. Muñoz Morales* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Successors of L. Villamil & Co., Ltd., brought an action of debt in the First District Court of San Juan against Ernesto López Díaz and another and recovered judgment.

In its execution they levied on the undivided interest of the defendant in the estate of his father, a part of which was a certain real property. A public sale of the properties levied on was advertised and Ulises López Díaz filed a complaint in intervention, alleging that the condominium levied on belonged to him by purchase from his brother Ernesto prior to the levy. The intervenor prayed also for an injunction staying the sale, which the court granted.

Successors of L. Villamil & Co., Ltd., appealed to this court and filed a brief consisting of 38 typewritten pages containing a discussion of all of the details and aspects of the case; but this might be given no consideration because it does not contain the assignments of error required by the rules of this court. If the adverse party had not undertaken to cull the assignments and discuss them separately, their consideration would have been difficult. The rules of the court exist for the good administration of justice. For a study of the nature and functions of a brief we refer to the case of *Mazarredo et al.* v. *Ramírez et al.*, 29 P.R.R. 740.

The grounds on which the trial court based the order appealed from are stated as follows:

"There is no doubt that as a matter of law the plaintiff has a right to the remedy sought, not only under the provisions of the general law of injunction, but also as a special remedy within the intervention proceeding.

"The court is of the opinion that the allegations of the petition filed and the evidence examined at the trial justify the issuance of the injunction prayed for. The forced sale of a property whose ownership is disputed may give rise to a multiplicity of proceedings and cause damages difficult to estimate to the claimant of the property. Record of the complaint in the registry, which it is alleged is the remedy of plaintiff in law, is not sufficient, for it would not prevent the sale at auction, and this is the very act whose injurious consequences to the plaintiff it is sought to obviate."

In the two preceding paragraphs is summed up this whole case, to which the appellant has given undue extent. The

complaint in intervention, the petition for an injunction and the evidence present a *prima facie* case in favor of the intervenor. Although the levy of execution was recorded prior to the final recording of the purchase made by the intervenor, still the purchase, which is evidenced by a public deed, was made not only long before the levy, but also before the rendition of the judgment on which it was based. The injunction prayed for and granted is expressly authorized by the special law on the matter in terms as follows:

"The claim of a third party to real property shall be initiated by an action brought by the claimant against the persons having interest in the matter, and the trial shall be conducted according to the proceedings in the Code of Civil Procedure: *Provided,* That in third party's actions claiming property of this class, an order for the necessary proceedings directing that the property be sold at public auction may be suspended only by the third party by means of an injunction in accordance with the law defining injunctions, approved March 8, 1906; *And provided further,* That the court in which the third party's action is instituted shall have jurisdiction to take cognizance of the injunction." Sec. 5276, Comp. 1911.

The jurisprudence cited by the appellant in his brief is not wholly applicable. This, as we have said, is a special case and the facts are in perfect accordance with the law.

It should not be overlooked that the district court had not finally disposed of the action in intervention. The appeal concerns only the injunction. This is why we have said only that the intervenor made out a *prima facie* case, without going into a full discussion of the merits of the question of law involved. Otherwise we might have been compelled to prejudge the final decision of the litigation.

The order appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.